

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00048-CR
_____

JASON CLEDIS MORGASON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 47707-B

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

MEMORANDUM OPINION

In front of a Gregg County jury, Jason Cledis Morgason entered an open plea of guilty to possession of less than one gram of methamphetamine.[1]  He also pled true to the State's punishment enhancement allegations stating that he had "previously been finally convicted of two felonies other than a state jail felony." *See* TEX. PENAL CODE ANN. § 12.425(b).  After a jury trial on punishment, Morgason was sentenced to ten years' imprisonment and ordered to pay a $1,000.00 fine.  He appeals.

Morgason's attorney on appeal has filed a brief which states that he has reviewed the record and has found no genuinely arguable issues that could be raised.  The brief sets out the procedural history and summarizes the evidence elicited during the course of the trial proceeding.  Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.  *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).  Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On July 24, 2019, counsel mailed to Morgason a copy of the brief, the motion to withdraw, and a motion for pro se access to the appellate record lacking only Morgason's signature. Morgason was informed of his right to review the record and file a pro se response.  After this Court granted Morgason's motion for pro se access, counsel mailed to Morgason a copy of the appellate record on August 6.  By letter dated September 16, this Court informed Morgason that

---

[1]*See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b).

2

his motion for extension of time to file a pro se response was granted and that any pro se response was due on or before October 23. On November 12, this Court further informed Morgason that the case would be set for submission on the briefs on December 3. We received neither a pro se response from Morgason nor another motion requesting an extension of time in which to file such a response.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire appellate record and, like counsel, have determined that no arguable issue supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment. *Id.*

We affirm the judgment of the trial court.[2]

Scott E. Stevens
Justice

Date Submitted:     December 3, 2019
Date Decided:       December 4, 2019

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.